# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                              )

**SAHR JOSIAH,**               )
                              )
        **Petitioner,**       )
                              )
        **v.**                 )        **Civil Action No.**
                              )        **16-11986-FDS**
**MICHAEL RODRIGUES,**    )
                              )
        **Respondent.**     )
_____)

## MEMORANDUM AND ORDER ON
## RESPONDENT'S MOTION TO DISMISS

**SAYLOR, J.**

      This is a *pro se* petition for a writ of habeas corpus made pursuant to 28 U.S.C. § 2254. Petitioner Sahr Josiah was convicted in Middlesex County Superior Court on charges of armed robbery, armed assault on a person over the age of sixty, armed assault with intent to murder, unlicensed possession of a firearm, assault and battery with a dangerous weapon, and two counts of assault with a dangerous weapon. He is serving a term of imprisonment of life for those crimes.

      Respondent has moved to dismiss the petition for failure to exhaust state remedies. For the following reasons, because this is a so-called "mixed petition," the motion will be granted unless, within 30 days of the date of this order, petitioner files a request to dismiss the unexhausted claims in his petition and proceed on the merits of the exhausted claims.

I.      **Background**

   A.      **Factual Background**

   The facts of the crime relevant to this petition are described in detail in *Commonwealth v. Josiah*, 2015 WL 5009735 (Mass. App. Ct. 2015).  The following brief summary sets forth the facts that are relevant to the present motion.

   On April 14, 2009, Sahr Josiah, along with two accomplices, called a taxicab to be dispatched to an address in Framingham, Massachusetts.  *Id.* at *1.  When the taxicab arrived, Josiah and the accomplices robbed the driver at gunpoint, and then fled on foot.  *Id.*

   Police officers, responding to the driver's emergency call, arrived at the scene and began pursuing the assailants.  *Id.*  Officer Philip Hurton chased Josiah down a dark alley, yelling for him to stop.  *Id.*  Josiah reversed direction, came back around a corner, and shot Hurton in the face, seriously—although not fatally—injuring him.  *Id.*

   After shooting Hurton, Josiah continued to flee with police officers in pursuit.  *Id.* at *2.  Josiah fired multiple shots at the officers, breaking the windshield of a police cruiser.  *Id.*

   Later that night, Josiah was captured.  *Id.*  Police returned to the scene the following day and discovered Josiah's Glock .40 caliber pistol, live ammunition hidden near the site of his arrest, and empty .40 caliber cartridges in the areas where Josiah shot Hurton and fired at the other officers.  *Id.*

   At the jury trial that followed in Middlesex County Superior Court, the state produced a ballistics expert who testified that the empty cartridges retrieved from the crime scene matched cartridge casings test-fired from Josiah's gun.  *Id.*

   On February 3, 2012, Josiah was convicted of armed robbery, armed assault on a person over the age of sixty, armed assault with intent to murder, unlicensed possession of a firearm,

assault and battery with a dangerous weapon, and two counts of assault with a dangerous weapon. *Id.* He was sentenced to a term of imprisonment of life. Pet. at 2.

### B.     Procedural Background

On August, 25, 2015, the Massachusetts Appeals Court affirmed the conviction. *Commonwealth v. Josiah*, 2015 WL 5009735, at 4. Thereafter, Josiah filed an application for leave to obtain further appellate review ("ALOFAR") to the Supreme Judicial Court. *Commonwealth v. Josiah*, 473 Mass. 1102 (2015). On October 2, 2015, the SJC denied that application. *Id.*

On October 3, 2016, Josiah filed the current petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the petition for failure to exhaust state remedies.

## II.     Analysis

### A.     Exhaustion of Claims

Respondent contends that the petition should be dismissed because it contains at least one claim that was not exhausted in state court. Petitioner has not filed an opposition to respondent's motion to dismiss.

A federal court may not consider a petition for a writ of habeas corpus filed by a person in state custody unless the petitioner has exhausted his state remedies with respect to all claims raised in his application. *See* 28 U.S.C. § 2254(b)(1); *see also Rose v. Lundy,* 455 U.S. 509, 518 (1982). In order to satisfy the exhaustion requirement, a petitioner bears a "heavy burden" to show that both the factual and legal bases of his federal claim were "fairly and recognizably presented to the state courts." *Fusi v. O'Brien,* 621 F.3d 1, 6 (1st Cir. 2010) (quoting *Adelson v. DiPaola,* 131 F.3d 259, 261 (1st Cir. 1997)). Put another way, "[t]he ground relied upon must be

presented face-up and squarely; the federal question must be plainly defined." *Martens v. Shannon,* 836 F.2d 715, 717 (1st Cir. 1988).  Although a petitioner need not present his federal claims in precisely the same manner in both state and federal court, the claims raised by the habeas petitioner must be the "substantial equivalent" to those raised before the state's highest court. *Barresi v. Maloney,* 296 F.3d 48, 52 (1st Cir. 2002) (citing *Picard v. Connor,* 404 U.S. 270, 277–78 (1971)).  In petitions arising from Massachusetts state-court decisions, a petitioner must raise an appealed issue to the Supreme Judicial Court within "the four corners of the ALOFAR" in order for the issue to be "fairly presented" for exhaustion purposes. *Mele v. Fitchburg,* 850 F.2d 817, 823 (1st Cir. 1988).

In addition to raising the factual basis for a claim before a state court, a petitioner "must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." *Clements v. Maloney,* 485 F.3d 158, 162 (1st Cir. 2007) (quoting *Casella v. Clemons,* 207 F.3d 18, 20 (1st Cir. 2000)). The First Circuit has identified at least five ways that a petitioner may show that he fairly presented the federal question contained in the petition to the state court: "[(1)] reliance on a specific provision of the Constitution, [(2)] substantive and conspicuous presentation of a federal constitutional claim, [(3)] on-point citation to federal constitutional precedents, [(4)] identification of a particular right specifically guaranteed by the Constitution, and [(5)] assertion of a state-law claim that is functionally identical to a federal constitutional claim." *Coningford v. Rhode Island*, *640* F.3d 478, 482 (1st Cir. 2011).  Those five methods are not exhaustive:  the essential question is whether "the presentation in state court alerted that tribunal to the claim's federal quality and approximate contours." *Id*.

4

Respondent contends that although the factual basis for the claim asserted in Ground One of the petition was raised in the ALOFAR, petitioner did not fairly present the federal question concerning that claim. Ground One of the petition states that "the trial court abused its discretion in allowing expert opinion testimony [concerning ballistics] . . . despite the lack of adequate documentation on [the expert's] findings and observations in support of the opinion." Pet. ¶ 12. Petitioner raised a similar argument in his ALOFAR, contending that the trial court abused its discretion in allowing expert testimony concerning ballistics in the absence of adequate documentation supporting the expert's findings. ALOFAR, Resp. Ex. A at 6.

In his ALOFAR, petitioner contended that the trial court failed to follow proper evidentiary procedures under Massachusetts common law for admitting expert testimony concerning ballistics. That argument relied heavily on *Commonwealth v. Pytou Heang*, 458 Mass. 827, 846–847 (2011), which provides Massachusetts state courts with guidelines "to ensure that expert forensic ballistics testimony appropriately assists the jury in finding the facts but does not mislead by reaching beyond its scientific grasp." That argument, based entirely on Massachusetts common law and evidentiary rules, did not fairly present a federal question. The ALOFAR did cite to one federal case, *United States v. Green*, 405 F. Supp. 2d 104, 106–09 (D. Mass. 2005). However, that case addressed the admissibility of ballistics evidence under the Federal Rules of Evidence, and made no mention of federal constitutional rights. Therefore, the ALOFAR contained no suggestion of a federal question concerning the claim that the trial court erred in admitting expert testimony concerning ballistics.

Accordingly, Ground One of the petition has not been exhausted. Respondent has not argued that any of the other claims in the petition are unexhausted. Thus, the petition will be considered a mixed petition.

### B.      Requirements for Mixed Petitions

Generally, if a petitioner files a "mixed petition" that includes both exhausted and unexhausted claims, a federal court may (1) dismiss the petition in its entirety, (2) allow the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, or (3) stay the petition until the petitioner returns to state court to exhaust his previously unexhausted claims.  *Rhines v. Weber,* 544 U.S. 269, 278 (2005); *see also Rose,* 455 U.S. at 514, 520–21; *Neverson v. Farquharson,* 366 F.3d 32, 43 (1st Cir. 2004).  A court may exercise the option to stay resolution of the exhausted claims and hold the petition in abeyance only "in limited circumstances."  *Rhines,* 544 U.S. at 277.  Specifically, a court may do so only if the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id; *see also Clements,* 485 F.3d at 169.  Neither ineffective assistance of appellate counsel, nor a litigant's *pro se* status, will support a finding of good cause in the habeas context.  *Sullivan v. Saba,* 840 F. Supp. 2d 429, 437 (D. Mass. 2012).

Petitioner has not responded to the motion to dismiss, has not requested that the Court stay the proceeding, and therefore has not demonstrated good cause for his failure to exhaust.  *Rhines,* 544 U.S. at 278.  Accordingly, the petition is not eligible for a stay.

Instead, petitioner may elect to dismiss his unexhausted claim in Ground One, concerning the admissibility of ballistics evidence, and proceed with the exhausted claims.  Respondent's motion to dismiss the petition will be granted unless, within 30 days of the date of this order, petitioner files a request to dismiss the unexhausted claims and proceed on the merits of the exhausted claims.

The Court further advises petitioner that should he elect to proceed he is ordered to bring only exhausted claims upon his return to federal court.  Failure to comply with this order is grounds for dismissal with prejudice.  *See Slack v. McDaniel,* 529 U.S. 473, 489 (2000).

**III.**   **Conclusion**

For the foregoing reasons, respondent's motion to dismiss the petition will be granted unless, within 30 days of the date of this order, petitioner files a request to dismiss the unexhausted claims in his petition and proceed on the merits of the exhausted claims.

**So Ordered.**

<br>

/s/  F. Dennis Saylor
F. Dennis Saylor IV
Dated: March 27, 2017                       United States District Judge