**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SAHR JOSIAH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) 16-11986-FDS |
| MICHAEL RODRIGUES, | ) |
| | ) |
| Respondent. | ) |

## ORDER ON MOTION FOR RECONSIDERATION

**SAYLOR, J.**

On October 3, 2016, petitioner Sahr Josiah filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 27, 2017, the Court issued a memorandum and order finding that the petition was a so-called "mixed petition," and further finding that respondent's motion to dismiss would be granted unless "within 30 days of the date of th[e] order, petitioner file[d] a request to dismiss the unexhausted claims in his petition and proceed on the merits of the exhausted claims." Mem. and Order on Mot. to Dismiss, Docket No. 17. Plaintiff did not file such a request within the prescribed time. Accordingly, on April 27, 2017, the Court issued an order of dismissal.

Petitioner has moved for reconsideration of that order and for reinstatement of the petition pursuant to Fed. R. Civ. P. 60(b). Petitioner contends that he did not receive a copy of the Court's March 27 order, and therefore failed to respond as directed. By his motion, petitioner seeks two forms of relief.

First, petitioner requests that the petition be stayed in order to allow him an opportunity to exhaust his unexhausted claims in state court. However, the motion for reconsideration presents no evidence or argument not previously considered to support a finding of good cause for petitioner's failure to exhaust the claims in his petition. *See Rhines v. Weber,* 544 U.S. 269, 278 (2005). Neither ineffective assistance of appellate counsel nor a litigant's *pro se* status will support a finding of good cause in the habeas context. *See Sullivan v. Saba,* 840 F. Supp. 2d 429, 437 (D. Mass. 2012). Therefore, petitioner's motion will be denied insofar as it seeks a stay of the petition.

Second, petitioner seeks the opportunity to delete the unexhausted claims in the petition and proceed on the merits of the exhausted claims. Respondent does not object to petitioner being given that opportunity. Accordingly, the motion will be granted insofar as it seeks to allow petitioner to delete the unexhausted claims and proceed on the merits of the exhausted claims.

For the foregoing reasons, petitioner's motion for reconsideration is GRANTED in part and DENIED in part. The April 27, 2017 order of dismissal is hereby VACATED. Petitioner may, within 45 days of the date of this order, file an amended petition deleting the unexhausted claims in his petition and bringing only exhausted claims. Failure to do so may result in the dismissal of the petition.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: June 19, 2017                    United States District Judge