UNITED STATES DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

---

|  |  |  |
|---|---|---|
| **SAHR JOSIAH,** | ) | |
| | ) | |
| **Petitioner,** | ) | **Civil Action No.** |
| | ) | **16-11986-FDS** |
| **v.** | ) | |
| | ) | |
| **MICHAEL RODRIGUES,** | ) | |
| | ) | |
| **Respondent.** | ) | |

---

### ORDER OF DISMISSAL

**SAYLOR, J.**

This is a *pro se* petition for a writ of habeas corpus made pursuant to 28 U.S.C. § 2254. Petitioner Sahr Josiah was convicted in Middlesex County Superior Court on charges of armed robbery, armed assault on a person over the age of sixty, armed assault with intent to murder, unlicensed possession of a firearm, assault and battery with a dangerous weapon, and two counts of assault with a dangerous weapon. He is serving a term of imprisonment of life for those crimes.

By order dated January 2, 2019, petitioner was ordered to file a memorandum in support of a writ of habeas corpus by February 28, 2019. Petitioner failed to file a memorandum by the deadline.

On March 27, 2019, respondent filed a motion to dismiss the petition. Petitioner failed to file an opposition to respondent's motion. By order dated June 4, 2019, petitioner was ordered to show cause in writing by June 25, 2019, why the petition should not be dismissed for failure to file a memorandum by the court-ordered deadline and failing to oppose the motion to dismiss.

On July 1, 2019, petitioner filed a response to the June 4 Order to Show Cause. His response states that he needs a court-appointed attorney to develop his claims and that he has had difficulties accessing his legal materials. To the extent that he addresses the merits of his claims, he states that he disagrees with the defense strategy of his trial counsel, because counsel should have presented a theory of mistaken identity, or presented such a theory more effectively. That is, in substance, a claim of ineffective representation of counsel in violation of the Sixth Amendment. Such a claim was not raised in the petition, and does not appear to have been exhausted in the state courts. In any event, there does not appear to be any reason to believe that the representation provided by trial counsel "fell below an objective standard of reasonableness" to the extent petitioner was "depriv[ed] . . . of a fair trial," or that, to the extent (if any) that a federal claim was raised in the state courts, the Massachusetts Appeals Court's denial of the claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); 28 U.S.C. § 2254(d)(1).

For the foregoing reasons, petitioner has failed to show why the petition should not be dismissed. Furthermore, the Court has reviewed the decision of the Massachusetts Appeals Court and declines, under the circumstances, to appoint an attorney to assist petitioner in developing his claims. Respondent's motion to dismiss for failure to prosecute (Docket # 38) is therefore GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor, IV
Dated: July 8, 2019          United States District Judge